UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Case Number:**

DENISE PAYNE, :
Individually, :
 :
    Plaintiff, :
v. :
 :
COHEN WATERSIDE, LLC, a Florida for Profit :
Corporation, FOUR BROTHERS ITALIAN :
KITCHEN, INC., d/b/a FOUR BROTHERS :
ITALIAN KITCHEN a Florida for profit :
Corporation, :
 :
    Defendant(s). :
_____ /

# **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, DENISE PAYNE, Individually, on her own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiff"), hereby sues the Defendant, COHEN WATERSIDE, LLC, a Florida Limited Liability Company, and FOUR BROTHERS ITALIAN KITCHEN, INC., d/b/a FOUR BROTHERS ITALIAN KITCHEN, a Florida Limited Liability Company, (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1.    Defendants' property is located at 2407-2495 10th Avenue, Lake Worth, Florida, 33461 in the County of Palm Beach.

1

2.      Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendants' property is located in and does business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*   See also 28 U.S.C. § 2201 and § 2202.

4.      Plaintiff, Denise Payne, is *sui juris*, is a resident of Broward County, and qualifies as an individual with a disability as defined by the ADA. Plaintiff suffers from permanent immobility in her legs, and requires the use of a wheelchair to ambulate at all times. Plaintiff further has limited use of her hands.

5.      Plaintiff visited the commercial property, which forms the basis of this lawsuit and plans to return to the commercial property to avail herself of the goods and services offered to the public, and to determine whether the commercial property has been made ADA compliant.

6.      During her visit, Plaintiff purchased food from the Defendant, Four Brothers Italian Kitchen, Inc., wherein she encountered certain barriers attempting to access the restroom.

7.      Defendant, Cohen Waterside, LLC, own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases (or leases to), is commonly known within the community as the Waterside Shopping Plaza, (also referred to as the "commercial facility").

8. Defendant, Four (4) Brothers Italian Kitchen, Inc., own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is commonly known within the community as Four Brothers Italian Kitchen, (also referred to as the "place of public accommodation").

9. During her patronage, Plaintiff encountered architectural barriers at the subject commercial property and the place of public accommodation which discriminate against her on the basis of her disability.

10. Plaintiff has personal knowledge of the architectural barriers described in paragraph 17, and is aware it would be a futile gesture to return to the commercial facility and place of public accommodation, as long as those violations continue to exist, unless she is willing to suffer additional discrimination.

11. The violations at the commercial facility and place of public accommodation infringe on the Plaintiff's right to travel free of discrimination, or use the public restroom in a dignitary fashion without the need to call for assistance. Other violations can cause the Plaintiff to suffer burns or scratches to her thighs.

12. Plaintiff has suffered, and continuous to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Defendants' commercial facility and place of public accommodation. By continuing to operate in such a fashion, the Defendants contribute to Plaintiff's sense of isolation and segregation and deprive her the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By

3

encountering the discriminatory conditions at Defendants' commercial facility and place of public accommodation, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public, and is deterred and discouraged from additional travel. By maintaining the commercial facility and place of public accommodation with violations, Defendants' deprive Plaintiff the equal enjoyment of the commercial facility and place of public accommodation offered to the general public.

13.     Plaintiff has suffered and will continue to suffer a direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to this property, as described but not necessarily limited to the allegations in paragraph 17 of this Complaint.   Plaintiff has reasonable grounds to believe she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to revisit the commercial facility and place of public accommodation not only to avail herself of the goods and services available therein, but to assure herself that the commercial facility and place of public accommodation are in compliance with the ADA so that she, and others similarly situated will have the full and equal enjoyment of the commercial facility and place of public accommodation without fear of discrimination.

15.     The Defendants have discriminated against the individual Plaintiff by denying her access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 *et seq*.

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

**I.     The parking lot of the commercial facility:**

a. The Plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable;

b. The Plaintiff had difficulty accessing the commercial facility as the designated accessible parking area(s) are located too far from the commercial facility entrance. Violation: Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable;

c. The Plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use parking spaces that do not have clear and level access aisles, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable;

**II.    Entrance access and path of travel:**

d. There are a series of doors locate at the commercial facility that lack the prescribed minimum clearances, in violation of Section 4.13.6 and 4.13.7 of the ADAAG, whose resolution is readily achievable;

e. The Plaintiff had difficulty using the ramp located near the tenant space identified as President Supermarket, because it is located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable

f. The Plaintiff had difficulty using some of the curb ramps at the commercial facility, as the slopes were excessive. Violation: There are curb ramps at the commercial facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable;

g. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable

h. The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable;

### III. Access to goods and services:

i. The Defendants fail to maintain the elements at the commercial facility and places of public accommodation(s) that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG;

### IV. Public Restroom within Four Brothers Italian Kitchen:

j. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable;

k. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable;

l. The Plaintiff could not use the toilet without assistance as the required grab bars were not provided. Violation: Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable;

m. The Plaintiff could not use the toilet seat dispenser without assistance as it was mounted to high and the required clear floor space to access it was not provided. Violation: The clear floor space provided in the restroom violates the provisions of Sections 4.2.5, 4.2.6, and 4.22 of the ADAAG, whose resolution is readily achievable;

n. The Plaintiff could not use the grab bars without assistance as the toilet paper dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable;

o. The Plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the

       facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable;

   p. The Plaintiff could not enter the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

17. The discriminatory violations described in paragraph 17 are not an exclusive list of the Defendants' ADA violations.

18. The violations are readily achievable and can be corrected by the Defendants.

19. Plaintiff requires the inspection of the Defendants' commercial facility and place(s) of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA, and all of the barriers to access therein. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' commercial facility and place(s) of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*.

21. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiff is without adequate remedy at law, and is suffering irreparable harm. Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

23. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendants' commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

24.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

25.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 6, 2015

Respectfully Submitted,

By: /s/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
(Florida Bar No: 75387)
Of Counsel to the Law Offices of
Thomas B. Bacon Law
**THE LAW CENTER**
1888 NW 7 Street
Miami, FL 33125
Phone: (786)-452-9709
Fax: (305)-643-3334
E-Mail: camilo@thomasbaconlaw.com
Counsel for the Plaintiff

By:_____
Thomas B. Bacon, Esq
Thomas B. Bacon, P.A
4868 S.W. 103rd Ave.
Cooper City, Florida, 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
E-Mail: tbb@thomasbaconlaw.com
Counsel for Plaintiff